# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

DILLON BLAKE,

     Plaintiff,

-vs-
                           CASE NO.

EQUIFAX INFORMATION SERVICES
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION LLC,
and BANK OF AMERICA, NATIONAL
ASSOCIATION,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff,  Dillon Blake (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"), Experian Information Solutions, Inc. (hereinafter "Experian"), Trans Union LLC (hereinafter "Trans Union") and Bank of America, NATIONAL ASSOCIATION (hereinafter "BANA") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC, Trans Union LLC, and Experian Information Solutions, Inc (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff resides within the District and Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.      Plaintiff is a natural person and resident of Miami-Dade County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309 and authorized to do business within the State of Florida through its registered agent, Corporate Service Company, located at 1201 Hays St., Tallahassee, FL 32301-2525.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

3

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Rd, Plantation, FL 33324.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays St., Tallahassee, FL 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     BANA is a corporation with its principal place of business in the State of North Carolina and is authorized to do business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Rd, Plantation, FL 33324.

20.     BANA is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     BANA furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is believed to be a victim of severe identity theft.

23.     Plaintiff is alleged to owe fraudulent amounts on his BANA credit card (Account Ending in 8702).

24.     On or about February 2, 2025, Plaintiff received a notification from his BANA app that there was suspicious activity on his account and that there were two separate charges being made on the account, the first being on January 1, 2025, for an amount of $1,708 and the other on February 25, 2025, for $4,930.

25.     As a result of the fraudulent charges the card was frozen after the second charge. Plaintiff received collection notices and BANA also sent him statements with the fraudulent charges.

26.     Shortly thereafter Plaintiff opened two separate claims with BANA in response to these fraudulent charges. (Claim ID #250115G1A54E, and ID #250224G1F0D2).

27.     On or about March 19, 2025, Plaintiff filed a Consumer Financial Protection Bureau (hereinafter "CFPB") complaint (CFPB Claim #250319-19452822)and another on March 23, 2025 (CFPB Claim # 250319-19452822) in order to try and get fraudulent BANA representation corrected.

28.     Plaintiff was shocked when on or about March 3, 2025, BANA denied the claim, Plaintiff tried to reactivate the claim but was again denied.

29.     Plaintiff received a letter from BANA on or about March 12, 2025, regarding the denied claim and called the same day to try to reactivate the claim.

30.     Due to the CFPB complaints that were filed, the claim was reactivated on March 28, 2025, but Plaintiff's claim was denied again on March 31, 2025.

31.     On or about April 8, 2025, Plaintiff called BANA once again and was denied by letter received on April 26, 2025.

32.     Plaintiff received a letter from BANA dated May 22, 2025, stating the dispute was resolved and the balance on the account was correct.

33.     Plaintiff then filed a dispute with TransUnion. Trans Union failed to conduct a reasonable investigation and sent Plaintiff its results.  The dispute results were dated July 10, 2025. The results showed that the account was verified as being reported as correct with the high balance.

34.     Plaintiff filed an FTC Identity Theft Report on July 17, 2025, (FTC #190083225) regarding the fraudulent transaction.

35.     On or about July 21, 2025, Plaintiff mailed detailed dispute letters to Equifax, Experian and Trans Union disputing the BANA representations. In said disputes Plaintiff included images of the fraudulent transactions, the fraudulent account as it was appearing on his credit report, the letters and claim information from BANA discussing the fraudulent transactions, the FTC ID Theft Report, and an image of his Driver's license to confirm his identity.

36.     These detailed disputes were sent via certified mail to Equifax (9589 0710 5270 2629 2500 30), Experian (9589 0710 5270 2629 2501 22) and Trans Union (9589 0710 5270 2629 2500 23).

37.     On or about August 7, 2025, Plaintiff was relieved to receive a written response from Equifax confirming that the fraudulent BANA information had been removed.

38.     On or about August 12, 2025, Plaintiff was again relieved when he received notice from Experian that the fraudulent BANA information was also removed.

39.     Plaintiff was shocked on July 10, 2025, when he received a response from Trans Union stating they had verified the BANA representations as accurate. However, when he pulled his Trans Union report again on September 4, 2025, the BANA false representations were gone, and Plaintiff believed the long ordeal was finally over with.

40.     On or about September 18, 2025, for some unknown reason, BANA reopened the credit card with a different account number, such an action was not requested or approved by the Plaintiff and no card was mailed to his address.

41.     Plaintiff was shocked when he received a letter from Equifax dated October 27, 2025, which informed him the BANA account had been reinserted and that BANA had certified the information was correct.

42.     An Equifax report from November 21, 2025, shows the account ending in 8702 was open with a balance of $7,012, as well as a new tradeline for the card number ending in 1925 showing a balance of $7,265 (including the fraudulent charges) showing Plaintiff was 30 days later for June and July of 2025.

43.     Experian also reported on or about November 21, 2025, that BANA showed the account balance of $7,265 being 30 days late in June, and 60 days late in July and 30 days late in late December 2025.

44.     In response to the absurdity of the BANA account being reinserted after having been removed, on or about December 2, 2025, Plaintiff mailed a Certified USPS letter to Equifax (tracking # 9589071052702629252003) and to Experian (tracking # 9589071052702629251990) asking them to fix the incorrect information on his credit report. In said letter he provided proof of his identity including Passport and Photo I.D., as well as copies of the incorrect accounts on his credit reports and the FTC report. He also included an image of the CFPB reports he filed, the fraudulent transactions and the previous disputes he did directly with BANA and their responses. Lastly, Plaintiff stated clearly in said letters that previously the

CRAs had removed the BANA representations, and yet now for some reason reinserted them.

45.     As of January 12, 2026, when Plaintiff last looked at his credit report, Equifax still shows two account numbers (8702 and 1925) and both with high balances and late payments.

46.      As of December 24, 2025, Experian verified the fraudulent BANA representations as accurate.

47.     Trans Union, Equifax, and Experian failed to do any independent investigation into Plaintiff's disputes but rather parroted the information they received from the furnisher.

48.     Defendants have not conducted a reasonable investigation despite Plaintiff's numerous pleas.

49.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

50.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to

i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.  Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.  Apprehensiveness to apply for new credit due to the fear of rejection;

v.   Defamation as Plaintiff's information has been published by Defendants to third parties including but not limited to FICO to calculate Plaintiff's credit score;

vi.  Defendants' have also published erroneous information to the FTC and CFPB by failing to resolve the erroneous reporting on Plaintiff's credit reports.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

51.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

52.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

53.     Equifax allowed for a Furnisher, such as BANA, to report inaccurate and erroneous account information to Plaintiff's credit file.

54.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

55.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

56.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

57.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

58.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

59.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

60.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

61.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

62.     Equifax allowed for a Furnisher, such as BANA, to report inaccurate and erroneous account information to Plaintiff's credit file.

63.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

64.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

65.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

66.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

67.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

68.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT III
**(Violations of 15 U.S.C. § 1681i(a)(5)(B)(ii)**
**Defendant, Equifax Information Services LLC (Negligent)**

69.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

70.     Upon information and belief, the BANA Accounts were removed from Plaintiff's Equifax consumer report upon information and belief because of a dispute investigation.

71.     Upon information and belief, Equifax reinserted the fraudulent BANA Accounts into Plaintiff's consumer report.

72.     As a direct result of the conduct, action and/or inaction of Equifax, Plaintiff experienced injury, including without limitation, credit denials, loss of the

ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

73.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for damages pursuant to 15 U.S.C. § 1681o.

74.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IV
### (Violation of 15 U.S.C. § 1681i(a)(5)(B)(ii)
### Defendant, Equifax Information Services LLC (Willful)

75.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

76.     Upon information and belief, the BANA Accounts were removed from Plaintiff's Equifax consumer report upon information and belief due to an investigation as to Plaintiff's disputes.

77.     Upon information and belief, Equifax reinserted the BANA Accounts onto Plaintiff's consumer report.

78.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, credit denials; loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

79.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

80.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-

judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

81.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

82.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

83.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

84.    Plaintiff provided Equifax with the information it needed to confirm the pay status and balance of the BANA Account was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

85.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

87.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VI
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Willful)

88.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

89.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

90.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

91.     Plaintiff provided Equifax with the information it needed to confirm the pay status and balance of the BANA Account was inaccurate. Equifax ignored this

information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

92.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

93.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, BANA.

94.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

96.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT VII
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Experian Information Solutions, Inc. (Negligent)**

97.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

98.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

99.    Experian allowed for a Furnisher, such as BANA, to report inaccurate and erroneous account information to Plaintiff's credit file.

100.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

101.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

102.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

103.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

105.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

106.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

107.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

108.   Experian allowed for a Furnisher, such as BANA, to report inaccurate and erroneous account information to Plaintiff's credit file.

109.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

110.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

111.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

112.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113.   The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

114.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff Dillon Blake, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IX
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Experian Information Solutions, Inc. (Negligent)

115.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

116.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

117.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

118.   Plaintiff provided Experian with the information it needed to confirm the pay status and balance of the BANA Account was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

119.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

120.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

121.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT X**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

122.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

123.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

124.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

125.   Plaintiff provided Experian with the information it needed to confirm the pay status and balance of the BANA Account was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

126.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

128.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XI
### (Violations of 15 U.S.C. § 1681i(a)(5)(B)(ii)
### Defendant, Experian Information Solutions, Inc. (Negligent)

129.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

130.   Upon information and belief, the BANA Accounts were removed from Plaintiff's Experian consumer report upon information and belief as a result of the dispute investigation.

131.   Upon information and belief, Experian reinserted the fraudulent BANA Accounts into Plaintiff's consumer report and failed to provide notice to Plaintiff within five (5) business days as required by the FCRA.

132.   Plaintiff has never received notice as to the reinsertion or deletion of the BANA Accounts after the initial notice.

133.   As a direct result of the conduct, action and/or inaction of Experian, Plaintiff experienced injury, including without limitation, credit denials, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

134.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for damages pursuant to 15 U.S.C. § 1681o.

135.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XII
## (Violation of 15 U.S.C. § 1681i(a)(5)(B)(ii)
## Defendant, Experian Information Solutions, Inc. (Willful)

136.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

137.   Upon information and belief, the BANA Accounts were removed from Plaintiff's Experian consumer report upon information and belief due to an investigation as to Plaintiff's disputes.

138.   Upon information and belief, Experian reinserted the BANA Accounts onto Plaintiff's consumer report.

139.   Experian failed to provide notice to Plaintiff within five (5) business days as required by the FCRA. Plaintiff has never received notice as to the reinsertion and/or deletion of the BANA Accounts.

140.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, credit denials; loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress,

anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

141.   The conduct, action, and/or inaction of Experian was willful, rendering it liable damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

142.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT XIII**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

143.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

144.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

145.   Trans Union allowed for a Furnisher, such as BANA, to report inaccurate and erroneous account information to Plaintiff's credit file.

146.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

147.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

148.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

149.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

150.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

151.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XIV
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

152.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

153.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

154.   Trans Union allowed for a Furnisher, such as BANA, to report inaccurate and erroneous account information to Plaintiff's credit file.

155.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

156.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

157.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

158.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

159.   The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

160.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XV
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Trans Union LLC (Negligent)

161.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

162.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

163.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

164.   Plaintiff provided Trans Union with the information it needed to confirm the pay status and balance of the BANA Account was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

165.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

166.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

167.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XVI
**Violations of 15 U.S.C. § 1681i as to
Defendant, Trans Union LLC (Willful)**

168.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

169.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. §
1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after
receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation;
(iii) failing to maintain reasonable procedures with which to filter and verify
disputed information in Plaintiff's credit file, and (iv) relying upon verification from
a source it has to know is unreliable.

170.    Despite the large amount of information and documentation produced
by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct
independent investigations into Plaintiff's disputes and simply transferred the duty
to investigate to the furnisher(s).

171.    Plaintiff provided Trans Union with the information it needed to
confirm the pay status and balance of the BANA Account tradeline was inaccurate.
Trans Union ignored this information and failed to conduct a thorough investigation
into his disputes or otherwise make his credit file accurate.

172.    As a direct result of this conduct, action and/or inaction of Trans Union,
Plaintiff suffered damage, including without limitation, loss of the ability to benefit
from lower interest rates; loss of time; financial loss; and mental and emotional pain
stemming from the anguish, humiliation, and apprehension in applying for credit and
the damages otherwise outlined in this Complaint.

173.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

174.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Bank of America, National Association (Negligent)

175.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

176.   BANA furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

177.   After receiving Plaintiff's disputes, BANA violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3)

failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

178.   Plaintiff provided all the relevant information and documents necessary for BANA to have identified that the alleged debt was fraudulent.

179.   BANA did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to BANA by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the debt belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of fraud, especially with supportive documentation including but not limited to an FTC Report.

180.   BANA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

181.   As a direct result of this conduct, action, and/or inaction of BANA, Plaintiff suffered damages, including without limitation, loss of ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

182.   The conduct, action, and inaction of BANA was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

183.   Plaintiff is entitled to recover costs and attorney's fees from BANA in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual damages against Defendant, Bank of America, National Association, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XVIII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Bank of America, National Association (Willful)**

184.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

185.   BANA furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

186.   After receiving Plaintiff's disputes, BANA violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

187.   Plaintiff provided all the relevant information and documents necessary for BANA to have identified that the alleged debt was fraudulent.

188.   BANA did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to BANA by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the debt belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of fraud.

189.   BANA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

190.   As a direct result of this conduct, action, and/or inaction of BANA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

191.   The conduct, action, and inaction of BANA was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

192.   Plaintiff is entitled to recover costs and attorney's fees from BANA in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Dillon Blake, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Bank of America, National Association, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

43

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff,  Dillon Blake, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Bank of America, National Association, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 23rd day of January, 2026.

Respectfully submitted,

**/s/ *Octavio Gomez, Esq.***
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd., Ste 610
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
Tav@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com

**/s/Frank H. Kerney, Esq.**

Frank H. Kerney, III, Esq.
Florida Bar #:88672
Tennessee Bar #: 035859
Cell: (813)951-8278
Facsimile: (844)951-3933
Primary Email:
Frank@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*